UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| BERNON HOWERY, | ) |
| Petitioner, | ) |
| v. | ) Case No. 2:24-cv-2175-CSB |
| FELICIA ADKINS, Warden, | ) |
| Respondent. | ) |

ORDER

Before the Court is Petitioner Bernon Howery's Motion for Rehearing (#17), which the Court construes as a motion for reconsideration pursuant to Fed. R. Civ. P. 59(e). Howery seeks reconsideration of the Court's Order (Doc. 15), which denied his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 as untimely. Howery has also filed a Motion for Status (#18), a Motion for a New Trial (#19, 20)[1], and a Motion for Status and a Copy of Civil Docket Sheet (#22). For the reasons below, the Court GRANTS Howery's Motion for Status and Copy of Civil Docket Sheet (#22), but DENIES Howery's Motion for Reconsideration (#17), Motion for Status (#18) and Motion for a New Trial (#19, 20).

I.     BACKGROUND

Howery is incarcerated in the Illinois Department of Corrections for his 1991 convictions of four counts of first-degree murder, four counts of felony murder, and one count of aggravated arson. *See People v. Howery*, 687 N.E.2d 836, 840-41 (Ill. 1997). After his case was remanded on direct appeal, the state trial court sentenced Howery to life imprisonment on May 31, 2001. By this time his postconviction proceedings were already pending. As detailed in the Court's

---

[1] The Court finds that docket entry #20 contains pages missing from docket entry #19, and thus reads them together as one motion.

prior order, these proceedings came to an end when the Illinois Supreme Court denied Howery's Petition for Leave to Appeal (PLA) on November 30, 2011. *People v. Howery*, 962 N.E.2d 485 (Table) (Ill. 2011).

Howery also filed additional post-trial motions and motions for leave to file successive post-conviction petitions as detailed in Respondent's Motion to Dismiss (#10). However, all requests for leave to file successive post-conviction petitions have been denied, with his most recent PLA to the Illinois Supreme Court denied on November 29, 2023. *See People v. Howery*, 2022 IL App (3d) 200515-U, ¶¶ 9-10; *People v. Howery*, 223 N.E.3d 647 (Table) (Ill. 2023).

Howery filed this federal Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on July 30, 2024. (#1). Howery raised five grounds for relief:

(1) "The circuit court erred by denying [Howery's] request for filing for successive postconviction in violation of due process constitutional rights" (#1 at 5);

(2) "The State is violating [Howery's] constitutional rights per the 8th and 14th amendments by [his] continued incarceration that rests on failed expert evidence" (#1 at 7);

(3) "[Howery's] constitutional rights are being violated by [his] continued incarceration where the State's case rests [on] perjured testimony." (#1 at 8);

(4) "[Howery's] constitutional rights under the 5th, 6th, 8th, and 14th Amendment[s]" are being violated by Howery's "continued incarceration [on] a conviction that rests on ineffective assistance of trial counsel." (#1 at 10); and

(5) "The State failed to prove me guilty beyond a reasonable doubt in violation [of] due process . . ." (#1 at 14).

After ordering a response from the Respondent, the Court denied Howery's Petition. (#15). The Court found that ground one was not cognizable in a federal habeas proceeding and that the remaining grounds were untimely. Moreover, the Court found that Howery had not shown he could proceed through the federal actual innocence gateway. Howery has now filed a Motion for Rehearing (#17), which the Court construes as a motion for reconsideration pursuant

to Fed. R. Civ. P. 59(e), as well as several regarding new witness evidence he believes should be investigated by the Illinois Attorney General (#18, 19, 20). Finally, Howery has filed a Motion for Status and Copy of Civil Docket Sheet (#22),

II.     DISCUSSION

    a. Motion for Reconsideration (#17)

Rule 59(e) enables courts to correct their own errors and avoid unnecessary appeals. *Miller v. Safeco Ins. Co. of Am.*, 683 F.3d 805, 813 (7th Cir. 2012) (internal citation omitted). In order "[t]o prevail on a Rule 59(e) motion, the moving party must clearly establish (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Edgewood Manor Apartment Homes, LLC v. RSUI Indem. Co.*, 733 F.3d 761, 770 (7th Cir. 2013) (internal quotation omitted).); *see also*, *Vesely v. Armslist LLC*, 762 F.3d 661, 666 (7th Cir. 2014) ("[W]e have held that a Rule 59(e) motion is not to be used to 'rehash' previously rejected arguments"). "A 'manifest error' occurs when the district court commits a 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Burritt v. Ditlefsen*, 807 F.3d 239, 253 (7th Cir. 2015) (internal citation omitted).

In his motion, Howery first argues that the Court misunderstood his first ground for relief, which was a claim that the Illinois courts erred in denying his petition for leave to file for successive postconviction relief. He clarifies that when he stated "'[f]urthermore, the court did not address the matter of cause and prejudice,' [he] was stating a fact, not an allegation." (#17 at 2). Howery then explains the errors that the Illinois courts made. However, none of these points impacts the Court's order on this claim: whatever errors the Illinois courts made applying Illinois postconviction law, the errors are not cognizable in federal habeas. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

Howery's arguments also focus on his claim of actual innocence and he laments that his claim was not allowed to proceed in state court. But there is no federal constitutional right to state collateral proceedings. *See Murray v. Giarratano*, 492 U.S. 1, 10 (1989). In a federal habeas proceeding, he must meet the federal standard to bypass the untimeliness finding, not a state standard. Howery's misunderstanding of the distinction between state and federal law is apparent in his request that this court grant his request for leave to file for successive postconviction relief—a federal habeas petition is not an appeal from the Illinois decision denying his petition. There is no federal constitutional right to state collateral proceedings, *see Murray v. Giarratano*, 492 U.S. 1, 10 (1989), so this Court has no basis to order the state to adjudicate his petition in any manner.

Next, Howery argues that the Court misconstrued his second ground for relief when the Court stated that Howery was aware of new developments in arson science "by 2016." Howery argues that it took him considerable time to get the materials and data and that he has shared the data with the various parties involved in the case as quickly and timely as possible. (#17 at 6). Howery asks the Court to understand "what it takes for an incarcerated person to bases with a research center or agency." *Id*. While the Court is cognizant that incarcerated persons face additional burdens, it is also clear from the state court record that Howery filed for state court relief based on his new evidence in 2016. Nor does Howery's point impact the Court's reasoning in finding that Howery has not met the actual innocence gateway standard.

Howery also seeks to clarify that ground two is filed under 724 ILCS 5/122-1(f), but appears to understand that the standard for whether his case may proceed is under *Schlup v. Delo* 513 U.S. 298, 324 (1995). (#17 at 7–8). He asks the Court to rehear the case under this standard. However, the Court did analyze his actual innocence claim under this standard. The

Court does not find that Howery has identified any errors that would impact the decision the Court's prior order.

### b.    Motions and Requests Regarding New Evidence To be Investigated.

Finally, in Howery's Motion for reconsideration, Howery writes that he "wants the Court to know" that the has been made aware of new evidence in his case." (#17 at 9). Howery does not have all the facts and details, "[b]ecause the person bringing this new evidence is a niece of Ms. Linda Walls" and he has chosen to "refer the matter to the Attorney General of Illinois, Mr. Kwame Raoul, rather than speak to the young lady [himself]." *Id.* He asks this Court to "please intervene." *Id.* Howery is informed that this Court has no power to intervene in any investigation that the Attorney General of Illinois seeks to conduct or any decision to refrain from doing so.

Howery has also filed two additional motions relating to this evidence. He asks this Court for "status of the case to learn if the State is, in fact, investigating the sexual abuse of the young Ms. J. Walls." (#18 at 3). Again, the Court has no part to play in whether the Attorney General of Illinois conducts any investigations. Accordingly, Howery's motion for status (#18) is denied.

Similarly, in Howery's Motion for a New Trial (#19, 20), he asks the Court to order a new trial due to the new evidence that has "surfaced within the last several weeks of which the prosecution is aware but, as of this filing, has failed to investigate." (#19 at 1). He argues that this lack of investigation violated the Code of Professional Responsibilities, Rule 3.8. Again, the Court has no part to play in whether the Attorney General of Illinois conducts any investigations.

Howery also notes that Respondent has failed to respond to his motions. However, while the electronic docketing system often autogenerates a response deadline, the Respondent is

generally not required to respond to any motions without court order in a federal habeas corpus proceeding. *See* Rule 5(a) of the Rules Governing 2254 Proceedings in United States District Courts. Accordingly, Howery's Motion (#19, 20) is also denied.

### c. Motion for Status (#22)

Finally, Howery has filed a motion for status and for a copy of the civil docket sheet. The motion (#22) is granted to the extent that this order provides status of the case. The Clerk shall also send Howery a copy of the docket sheet.

## III. CONCLUSION

For the reasons stated above, the Court GRANTS Petitioner Bernon Howery's Motion for Status and Copy of Civil Docket Sheet (#22), and denies Petitioner's Motion for Reconsideration (#17), Motion for Status (#18) and Motion for a New Trial (#19, 20). The Clerk is DIRECTED to send Petitioner a copy of the docket sheet.

Signed on this 4th day of August 2025.

/s/ Colin S. Bruce
Colin S. Bruce
United States District Judge
